UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 26-03319-KK-PVCx** | Date: | August 13, 2026 |
| Title: | ***Alejandro Pena v. Bobs Discount Furniture, LLC et al.*** | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Dominique Carr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (In Chambers) Order (1) GRANTING Plaintiff's Motion [Dkt. 12], and (2) DENYING Plaintiff's Motion to Strike as MOOT [Dkt. 11]**

## I.
## <u>INTRODUCTION</u>

On May 1, 2026, plaintiff Alejandro Pena ("Plaintiff") filed the operative Complaint against Bob's Discount Furniture, LLC ("Defendant") and Does 1 through 15, in San Bernardino County Superior Court, asserting violations of California labor laws. ECF Docket No. ("Dkt.") 1-1, Declaration of Angela Quiles Nevarez ("Nevarez Decl.") ¶ 2, Ex. A, Complaint ("Compl."). On June 15, 2026, Defendant removed the action to this Court. Dkt. 1, Notice of Removal ("NOR"). On July 6, 2026, Plaintiff filed the instant Motion to Strike. Dkt. 11. On July 8, 2026, Plaintiff filed the instant Motion seeking Remand, or in the Alternative, for Leave to Amend ("Motion"). Dkt. 12, Motion ("Mot.").

The Court finds these matters appropriate for resolution without oral argument. <u>See</u> Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the reasons set forth below, to the extent Plaintiff seeks leave to amend, the Motion is **GRANTED**, and Plaintiff's Motion to Strike is **DENIED** as **MOOT**.

## II.
## <u>BACKGROUND</u>

On May 1, 2026, Plaintiff filed the operative Complaint in San Bernardino County Superior Court against Defendant, raising claims against Defendant arising from Plaintiff's employment and

termination as a Quality Control Inspector at Defendant's warehouse in San Bernardino County, California. Compl. ¶¶ 14-41. Specifically, Plaintiff asserts the following claims:

1. **Cause of Action One:** Failure to Engage in the Interactive Process, in violation of California Government Code section 12940(n);
2. **Cause of Action Two:** Failure to Provide Reasonable Accommodation, in violation of California Government Code section 12940(m);
3. **Cause of Action Three**: Retaliation, in violation of California Government Code section 12940(h);
4. **Cause of Action Four**: Failure to Prevent Discrimination and Retaliation, in violation of California Government Code section 12940(k);
5. **Cause of Action Five**: Retaliation, in violation of California Labor Code section 6310;
6. **Cause of Action Six**: Retaliation, in violation of California Labor Code section 232.5;
7. **Cause of Action Seven**: Retaliation, in violation of California Labor Code section 1102.5;
8. **Cause of Action Eight**: Retaliation, in violation of California Labor Code section 98.6;
9. **Cause of Action Nine**: Wrongful Termination in Violation of Public Policy;
10. **Cause of Action Ten**: Intentional Infliction of Emotional Distress;
11. **Cause of Action Eleven**: Failure to Timely Produce Employee Records, in violation of California Labor Code section 1198.5; and
12. **Cause of Action Twelve**: Failure to Timely Produce Wage Records, in violation of California Labor Code section 226(c).

Id. ¶¶ 42-176.

On June 15, 2026, Defendant filed its Answer in state court. Nevarez Decl. ¶ 4, Ex. C, Answer. On the same day, Defendant removed the action to this Court, invoking its diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332(a). NOR at 2.

On July 2, 2026, the Court set a Scheduling Conference for August 27, 2026. Dkt. 10.

On July 6, 2026, Plaintiff filed the instant Motion to Strike, seeking an order striking most of the affirmative defenses raised in Defendant's Answer. Dkt. 11 at 2-3.

On July 8, 2026, Plaintiff filed the instant Motion arguing the Court should remand this case because the parties are not diverse and the minimum amount-in-controversy is not met. Mot. at 4. Alternatively, Plaintiff seeks leave to amend to substitute Stephanie Torrez for a previously designated Doe Defendant. Id. at 15-19.

On July 16, 2026, Defendant filed Oppositions to the Motion, Dkt. 14, and Motion to Strike, Dkt. 13.

On July 23, 2026, Plaintiff filed Replies in support of his Motion, Dkt. 17, and Motion to Strike, Dkt. 16.

These matters, thus, stand submitted.

///

## III. PLAINTIFF IS GRANTED LEAVE TO AMEND

### A. APPLICABLE LAW

Under Federal Rule of Civil Procedure 15(a) ("Rule 15"), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). Without a showing of prejudice or one of the factors in Foman, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

### B. ANALYSIS

As an initial matter, Plaintiff seeks leave to amend before any deadline to amend. Hence, the Rule 15(a) presumption in favor of granting leave to amend applies. See id. at 1052.

In addition, all Foman factors weigh in favor of amendment. First, the Court does not find any evidence of undue delay, bad faith or dilatory motive. Instead, Plaintiff seeks to identify a Doe Defendant who was previously identified in the Complaint but not as a defendant and with a misspelling of her name. Amend Mot. at 17; see also DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) ("Since there is no evidence in the record which would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend on the basis of bad faith"). Further, the Court does not find any evidence of undue delay. See generally Dkt. 14. Moreover, "delay alone is insufficient to provide grounds for denying leave to amend." Abels v. JBC Legal Grp., P.C., 229 F.R.D. 152, 156 (N.D. Cal. 2005).

Second, Plaintiff has not repeatedly failed to cure deficiencies by amendments previously allowed. In fact, Plaintiff has not previously amended the Complaint.

Third, there is no undue prejudice to Defendant. In fact, the Scheduling Conference is nearly three weeks away and thus no schedule has been set for discovery or trial. See Dkt. 10. Moreover, Plaintiff does not seek to add any new claims, but simply seeks to identify and provide relevant factual allegations regarding a previously named Doe Defendant. Amend Mot. at 15-19. Thus, the "proposed amendments will not 'radically shift' the nature of this case nor would they require Defendant [] to undertake 'an entirely new course of defense.'" Janahi v. Zuberi, No. CV 21-03975-VAP-PLAx, 2022 WL 2101739, at *4 (C.D. Cal. Jan. 25, 2022) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Finally, granting Plaintiff leave to amend is not futile. In its Opposition to the Motion, Defendant seeks to argue the merits of the claim against Stepanie Torrez. Dkt. 14 at 8-9. However, the Court declines to assess the merits of such claims at this stage. See Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). Moreover, "[t] he futility of amendment factor weighs in favor of denying leave to amend 'where no set of facts can be proved under the amendment to the pleadings

that would constitute a valid and sufficient claim.'" Chang v. Cashman, 723 F. Supp. 3d 772, 783 (N.D. Cal. 2024) (alteration accepted) (quoting Ross v. AT&T Mobility, LLC, No. 19-CV-06669-JST, 2020 WL 9848733, at *4 (N.D. Cal. Dec. 18, 2020)). Courts rarely deny leave to amend on this ground, and ordinarily "defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." Id. (citation modified); see also Pizana v. SanMedica Int'l LLC, 345 F.R.D. 469, 488 (E.D. Cal. 2022) (granting leave to amend where the allegations in the proposed amended complaint were "insufficient to state a plausible claim" because the court could "'conceive of additional facts, if formally alleged,' that would support a claim" (quoting United States v. Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011) (citation modified))). Here, the Court cannot conclude adding Stephanie Torrez as a defendant would be futile.

Thus, Plaintiff sufficiently meets Rule 15(a)'s liberal standard for amendment. Accordingly, to the extent Plaintiff's Motion seeks leave to Amend, the Motion is **GRANTED**.

## IV.
## CONCLUSION

Accordingly, for the reasons set forth above, Plaintiff's Motion seeking leave to amend is **GRANTED**, and Plaintiff's Motion to Strike is **DENIED** as **MOOT**.

Plaintiff shall file a First Amended Complaint ("FAC") **no later than seven (7) days from the date of this Order**. Plaintiff shall also lodge a redlined copy of the FAC identifying all edits to the previously filed Complaint. **Plaintiff is expressly warned that failure to comply with this Order may result in dismissal of this action without prejudice for failure to prosecute and comply with Court orders. Fed. R. Civ. P. 41(b).**

Moreover, because naming Stephanie Torrez as a defendant appears to divest this Court of diversity jurisdiction, Defendant is **ORDERED TO SHOW CAUSE** in writing within seven (7) days of the filing of the FAC as to why the instant action should not be remanded. Failure to comply will result in remand of this action. Alternatively, the parties may file a stipulation to remand. **Defendant is expressly warned that failure to comply will result in this action being remanded for lack of subject matter jurisdiction and may also result in sanctions.**

**IT IS SO ORDERED**.