JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-03319-KK-PVCx** | Date: | October 16, 2026 |
|---|---|---|---|
| Title: | *Alejandro Pena v. Bobs Discount Furniture, LLC, et al.* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (In Chambers) Order REMANDING the Case**

## I.
## BACKGROUND

On May 1, 2026, plaintiff Alejandro Pena ("Plaintiff") filed a Complaint against Bob's Discount Furniture, LLC ("Defendant") and Does 1 through 15, in San Bernardino County Superior Court, asserting violations of California labor laws. ECF Docket No. ("Dkt.") 1-1, Declaration of Angela Quiles Nevarez ("Nevarez Decl.") ¶ 2, Ex. A, Complaint ("Compl."). On June 15, 2026, Defendant removed the action to this Court asserting complete diversity of the named parties under 28 U.S.C. § 1441(b), disregarding the Doe defendants. Dkt. 1, Notice of Removal ("NOR").

Relevant here, the original Complaint alleges the following:

Plaintiff began working for Defendant on July 8, 2025, as a quality control inspector. Compl. ¶ 11. Plaintiff suffered and reported various injuries while on the job. Id. ¶¶ 14-22. A supervisor then accused Plaintiff of taking excessive breaks after his injuries. Id. ¶¶ 23-27. On October 7, 2025, Plaintiff was summoned to a meeting with his supervisor and Stephanie Torres ("Torres") from Human Resources. Id. ¶ 28. Torres "continued to accuse Plaintiff of taking excessive breaks," refused to allow Plaintiff to review video footage, and "confiscated Plaintiff's employee badge and directed him to leave the premises." Id. ¶¶ 28-29. On October 9, 2025, Torres called Plaintiff and "accused [him] of 'lying' in his written statement," and stated "Defendant[] would deny Plaintiff unemployment on the grounds that he had lied." Id. ¶¶ 31-32. In a follow-up call, Torres refused to provide Plaintiff his records "because he was no longer employed by Defendant," and "in a dismissive tone . . . told Plaintiff that if he wanted any records, he should

have his attorney subpoena them." Id. ¶¶ 35-36. Plaintiff received written notice of his termination the next day. Id. ¶ 39. Plaintiff alleges the false accusations of misconduct were "a pretext to discipline him following his injury reports." Id. ¶ 108.

On July 8, 2026, Plaintiff filed a Motion to Remand, or in the Alternative, for Leave to Amend ("Motion"), Dkt. 12, Motion ("Mot."), seeking to rename one of the Does, Stephanie Torrez ("Torrez"), thereby joining a non-diverse defendant and destroying diversity under 28 U.S.C. § 1447(e) ("Section 1447").

On July 16, 2026, Defendant filed an Opposition to the Motion, Dkt. 14, Opposition ("Opp."), arguing Plaintiff's request for leave to add a non-diverse defendant should be denied. Defendant argued (1) Plaintiff knew the identity of Torrez before removal, (2) Torrez's joinder is unnecessary for just adjudication, (3) Plaintiff's claim against Torrez for intentional infliction of emotional distress ("IIED") is without merit, (4) timing and circumstances indicated defeating diversity was the purpose of joinder, and (5) Plaintiff would not be prejudiced if joinder was denied. Id. at 7-10. On July 23, 2026, Plaintiff filed a Reply, Dkt. 17.

On August 13, 2026, the Court granted Plaintiff leave to amend. Dkt. 19, Order. Although the Court granted leave to amend under Federal Rule of Civil Procedure 15(a) and did not directly apply Section 1447, see id. at 3-4, the Court nonetheless addressed each of Defendant's arguments. The Court found no "evidence of undue delay, bad faith or dilatory motive" where Plaintiff merely sought to "identify a Doe Defendant" already identified but misspelled in the Complaint. Id. at 3. The Court also found no prejudice to Defendant as "no schedule has been set for discovery or trial." Id. Finally, the Court noted Defendant's arguments on Plaintiff's IIED claim but "decline[d] to assess the merits of such claims at this stage" and found it could not conclude adding Torrez as a defendant would be futile. Id. at 3-4.

Further, upon granting Plaintiff's Motion, the Court issued the following Order to Show Cause ("OSC") to Defendant:

> Moreover, because naming Stephanie Torrez as a defendant appears to divest this Court of diversity jurisdiction, Defendant is **ORDERED TO SHOW CAUSE** in writing within seven (7) days of the filing of the [First Amended Complaint ("FAC")] as to why the instant action should not be remanded. Failure to comply will result in remand of this action. Alternatively, the parties may file a stipulation to remand. **Defendant is expressly warned that failure to comply will result in this action being remanded for lack of subject matter jurisdiction and may also result in sanctions**.

Id. at 4 (emphasis in original).

On August 20, 2026, Plaintiff filed his FAC, naming Torrez as a defendant. Dkt. 23, FAC. Plaintiff asserts one cause of action against Torrez for IIED. Id. ¶¶ 168-77. According to the FAC, Torrez allegedly "personally engaged in extreme and outrageous conduct toward Plaintiff, including . . . threatening to contest his unemployment benefits, repeatedly calling him a liar," and other acts. Id. ¶ 170. Plaintiff alleges this conduct was in retaliation for requesting medical treatment and exercising his rights. Id. ¶ 172.

On August 27, 2026, Defendant responded to the Court's August 13, 2026 OSC. Dkt. 27, Response to OSC ("Resp."). Defendant largely reasserts its earlier arguments under Section 1447. See id. at 3-8. Defendant additionally raises one new argument under the California Workers' Compensation Act ("CWCA") consisting of a single sentence. Id. at 8.

## II.
## DISCUSSION

Section 1447 provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Courts consider the following factors when deciding whether to permit joinder and remand under Section 1447:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid.

Clinco v. Roberts, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999). Considering the permissive language of Section 1447, "the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court." Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

The Court has reviewed Defendant's response to the Court's August 13, 2026 OSC opposing remand. See Resp. However, Defendant's response largely rehashes arguments previously raised in its Opposition to Plaintiff's Motion to Remand, see Opp., which the Court already rejected when it granted leave to amend, see Order. To the extent Defendant argues identical arguments, the Court construes the response as a motion to reconsider. See C.D. Cal. L.R. 7-18 (providing limited grounds for requesting reconsideration). Because Defendant fails to identify any new material facts or changes of law, or any other manifest errors in the Court's reasoning, see id., the Court declines to reconsider its prior ruling.[1] The Court therefore only addresses Defendant's new argument.

The only new argument Defendant asserts is "because these alleged employment decisions occurred within the context of an employment relationship, any IIED claim based on these actions is barred by the [CWCA] exclusive remedies provision." Resp. at 8. Defendant cites two cases in support of this argument. Id. (citing Schaffer v. GTE, Inc., 40 Fed. App'x 552, 557 (9th Cir. 2002);

---

[1] Defendant's arguments on the first four Clinco factors, i.e. necessity for just adjudication, prejudice to Plaintiff, unexplained delay, and improper purpose, remain largely unchanged. Compare Opp. at 7-10 with Resp. at 3-8. Although Defendant expands its previous argument on Plaintiff's failure to bring a harassment claim by citing additional cases, Resp. at 7-8, Defendant cites no case law holding a standalone IIED claim is unavailable. Further, Defendant's demand to see Plaintiff's underlying administrative complaint to "establish what allegations, if any, concerning Torrez were made before this litigation and before removal," id. at 7, cuts against its merits argument. Defendant's demand for discovery to counter Plaintiff's IIED claim merely confirms the case should proceed to discovery. Altogether, Defendant has not identified any reason why the Court should reconsider its previous Order granting leave to amend.

Potter v. Ariz. S. Coach Lines, Inc., 202 Cal. App. 3d 126, 133 (1988)). Notably, Defendant fails to develop this argument beyond this single sentence at the close of its Response. Additionally, both cases cited in support are over twenty years old. The Court would be justified in disregarding this new argument entirely for failure to adequately brief. See, e.g., United States v. Fayton, 704 F. Supp. 3d 449, 453 (S.D.N.Y. 2023) ("[A] party may be deemed to have waived an argument through inadequate briefing, such as a perfunctory one-sentence argument."). Regardless, in the interest of finality, the Court briefly explains below why Defendant's argument is unpersuasive.

The cited portion of Schaffer states: "The infliction of emotional distress claims fail because, under California law, claims for negligent and intentional infliction of emotional distress made within the context of the employment relationship are within the exclusive remedy provisions of the [CWCA]." 40 F. App'x at 557 (citing Cole v. Fair Oaks Fire Prot. Dist., 43 Cal. 3d 148, 160 (1987)). However, Schaffer is unpublished and nonprecedential, id. at 554 n.**, and as such "may not be cited to the courts of this circuit" under most circumstances, 9th Cir. R. 36-3(c). Schaffer also does not clarify which defendants the plaintiff asserted her IIED claim against. See 40 F. App'x at 557-58. Moreover, Schaffer acknowledges emotional distress damages remain available for "a plaintiff with a tort cause of action for wrongful termination in violation of public policy." Id. at 557 n.4. Accordingly, Schaffer is not precedential, persuasive nor dispositive.

Defendant's citation to Potter fares no better, as it explains CWCA provides the exclusive remedy only "where the employer's alleged misconduct consists of actions normally part of the employment relationship, i.e., demotions, promotions, criticism of work practices, frictions in negotiating grievances, withheld compensation, or failure to timely process claims." 202 Cal. App. 3d at 133 (emphasis added) (citing Cole, 43 Cal. 3d at 160). Indeed, Cole specifically noted the exceptions to this rule in cases involving "conduct where the employer or insurer stepped out of their proper roles." 43 Cal. 3d at 161 (emphasis added). As the California Supreme Court later clarified, Cole and related decisions describe a "tripartite system for classifying injuries arising in the course of employment": (1) CWCA provides the exclusive remedy for "injuries caused by employer negligence or without employer fault"; (2) CWCA may permit "extra compensation" for "injuries caused by ordinary employer conduct that intentionally, knowingly or recklessly harms an employee"; and (3) CWCA does not bar civil actions for "intentional employer conduct . . . beyond the boundaries of the compensation bargain." Fermino v. Fedco, Inc., 7 Cal. 4th 701, 713-14 (1994). Examples of this third category include harassment, retaliation, and other situations where "the employer's conduct violated public policy." Id. at 715.

Here, Plaintiff alleges Torrez "engaged in extreme and outrageous conduct," including retaliation. FAC ¶¶ 169-70, 172. Plaintiff also brings a claim against Defendant for wrongful termination in violation of public policy. Id. ¶¶ 161-67. Plaintiff's IIED claim thus appears to fall within the exception to CWCA exclusivity under Cole and Fermino. While Plaintiff's IIED claim against Torrez ultimately may not withstand summary judgment, that is not the Section 1447 standard. The only question before the Court is "whether the claim against the new party seems valid." Clinco, 41 F. Supp. 2d at 1082 (emphasis added). Because Defendant falls short of showing Plaintiff's IIED claim against Torrez is facially invalid or clearly barred by CWCA or controlling precedent, the Court declines to reconsider its prior ruling.

Most importantly, the Court's decision under Section 1447 is discretionary. Newcombe, 157 F.3d at 691. Particularly here, where Plaintiff's state-court Complaint plainly contemplated amending to assert claims against certain Does and included numerous allegations of Torrez's (then

misidentified as "Torres") allegedly tortious conduct, see Compl. ¶¶ 28-37, Defendant cannot avoid remand when Plaintiff does precisely that.

## III.
## CONCLUSION

Accordingly, because Defendant fails to show cause why this action should not be remanded for lack of subject matter jurisdiction following the joinder of a non-diverse party, see 28 U.S.C. § 1447(e), the action is hereby **REMANDED** to San Bernardino County Superior Court. The Court's August 13, 2026 Order to Show Cause, Dkt. 19, is **DISCHARGED**.

**IT IS SO ORDERED**. **(JS-6)**